# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA <br><br> v. <br><br> **CURTIS L. LAWRENCE** | Case No. 7:12-CR-38 (HL) |

### ORDER

Before the Court is Defendant Curtis L. Lawrence's pro se Motion to Compel Government to Enforce 5K1.1 Substantial Assistance to Authorities and to Lift the Illegal Writ. (Doc. 75). For the reasons discussed herein, the Court **DENIES** Defendant's motion.

**I.    BACKGROUND**

A grand jury in this district returned a three-count indictment on October 10, 2012, charging Defendant Curtis L. Lawrence with the following: Count One, Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); Count Two, Possession of an Unregistered Firearm, in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871; and Count Three, Possession with Intent to Distribute Cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). (Doc. 1). On July 17, 2013, Defendant pleaded guilty to Counts One and Three pursuant to a written plea agreement. (Doc. 21). In exchange for Defendant's guilty plea the Government agreed that:

> if the defendant cooperates truthfully and completely with the government, including being debriefed and providing truthful testimony, at any proceeding resulting from or related to defendant's cooperation, to make the extent of defendant's cooperation known to the sentencing court. . . . If the cooperation is completed prior to sentencing, the government agrees to consider whether such cooperation qualifies as 'substantial assistance' pursuant to Title 18, United States Code, Section 3553(e) and/or Section 5K1.1 of the advisory Sentencing Guidelines warranting a government motion at the time of sentencing recommending a downward departure from the advisory guideline range. If the cooperation is completed subsequent to sentencing, the Government agrees to consider whether such cooperation qualifies as 'substantial assistance' pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure warranting the filing of a motion for reduction of sentence within one year of the imposition of sentence. In either case, defendant understands that the determination as to whether defendant has provided 'substantial assistance' rests solely with the Government.

(Doc. 21, p. 6-7).

Prior to sentencing, the United States Probation Office prepared a Presentence Investigation Report ("PSR"). (Doc. 28). For Count One, the PSR assigned a base offense level of 22. (Id. at ¶ 15). A four-level adjustment was applied for possession in connection with another felony offense, for a total adjusted offense level of 26. (Id. at ¶¶ 16, 20). For Count Two, the PSR assigned a base offense level of 14 based on the stipulated drug amount. (Id. at ¶ 21). A two-level adjustment based on possession of a weapon resulted in a total adjusted offense level of 16. (Id. at ¶¶ 22, 26). Probation then applied a multiple count adjustment to determine that the greater of the two adjusted offense levels

applied. (Id. at ¶ 29). After subtracting three levels for acceptance of responsibility, Probation determined a total offense level of 23. (Id. at ¶¶ 30-32). With a total offense level of 23 and a criminal history category of IV, Defendant's advisory sentencing guideline range became 70-87 months. (Id. at ¶ 66).

Defendant filed no objections to the PSR prior to sentencing, nor did the Government file a § 5K1.1 motion. (Doc. 66, p. 3). Defendant appeared for sentencing on October 29, 2013. The Government recommended a sentence within guideline range. (Id.). There was no discussion about any substantial assistance offered by Defendant. After reviewing the PSR and taking into consideration the relevant sentencing factors found at 18 U.S.C. § 3553(a), the Court concluded that the advisory sentencing guideline range did not "reflect either the seriousness of the crime nor the criminal history of the Defendant." (Id. at p. 6). The Court accordingly varied upward and imposed a sentence of 70 months as to Count One and 70 months as to Count Two, to run consecutively for a total term of imprisonment of 140 months to be followed by three years supervised release. (Docs. 32, 66, p. 6). Defendant did not appeal his sentence. (Doc. 30).

## II. DISCUSSION

Defendant now moves the Court to compel the Government to uphold its agreement to file a motion under § 5K1.1 for substantial assistance. Defendant states that at the time of his apprehension on April 19, 2011 for the underlying

3

offense of conviction, and prior to his arrest, he willingly met with law enforcement officers and provided information that later was used to prosecute Defendant in this case. Defendant was under the impression that if he cooperated with law enforcement, he would receive a more favorable sentence. Counsel was present at the time that Defendant gave his recorded statement. He then was transported home. Defendant was not indicted until October 10, 2012. According to Defendant, he "successfully cooperated with Law Enforcement shortly after the incident occurred favoring of a lenient sentence if prosecuted for the alleged conduct. Defendant provided time, place, and whereabouts of illegal conduct which substantiates downward departure at sentencing." (Doc. 75, p. 3).

Under U.S.S.G. § 5K1.1, upon the government's motion stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed a crime, a sentencing judge may depart from the Sentencing Guidelines. A judge also may consider a motion by the government to reduce a sentence filed more than one year after the sentence was imposed, if the defendant's substantial assistance involved information (1) not previously known to the defendant; (2) not useful to the government until more than a year after the defendant's sentencing; or (3) the usefulness of the information could not have been anticipated until more than a year after sentencing. Fed. R. Crim. P. 35(b)(2).

The government has the power but not the duty to file either a § 5K1.1 substantial assistance motion or a Rule 35 motion. See United States v. McNeese, 547 F.3d 1307, 1308 (11th Cir. 2008) (addressing Rule 35); Wade v. United States, 504 U.S. 181, 185 (1992) (addressing § 5K1.1). Generally, "courts are precluded from intruding in prosecutorial discretion." United States v. Forney, 9 F.3d 1492, 1501 (11th Cir. 1993). "A district judge may review the government's refusal to file a substantial-assistance motion only if the defendant first makes a substantial threshold showing that the refusal was based on an unconstitutional motive, such as the defendant's race or religion, or that the refusal was not rationally related to any legitimate government end." United States v. Anderson, 554 F. App'x 872, 875 (11th Cir. 2014) (citing Wade, 504 U.S. at 186; United States v. Dorsey, 554 F.3d 958, 961 (11th Cir. 2009)). "It follows that a claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing." Wade, 504 U.S. at 186.

Defendant has not made a substantial showing that the government refused to file a substantial-assistance motion for a constitutionally impermissible reason. His general allegations that he provided information to the Government pertaining to other illegal activity are insufficient to entitle him to relief. Accordingly, Defendant's motion to compel is denied.

Defendant also requests that the Court lift an illegal writ. Defendant states that he was transported back into the jurisdiction pursuant to a writ "to further help prosecute for the Government." (Doc. 75, p. 3). The Court is unaware of any sort of writ that has been issued in relation to Defendant. Without more information, the Court can afford Defendant no form of relief. Defendant's motion for the Court to lift the writ is therefore denied.

## III.   CONCLUSION

For the foregoing reasons, Defendant Curtis L. Lawrence's pro se Motion to Compel Government to Enforce 5K1.1 Substantial Assistance to Authorities and to Lift the Illegal Writ (Doc. 75) is **DENIED**.

**SO ORDERED** this 20th day of August, 2018.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

aks